T.C. Summary Opinion 2011-76

UNITED STATES TAX COURT

CLAY ANDRA PERRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14710-09S. Filed June 27, 2011.

Clay Andra Perry, pro se.

<u>Beth A. Nunnink</u>, for respondent.

MARVEL, <u>Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, in effect for the relevant period, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income taxes of $5,703, $5,128, and $3,780[2] for 2005, 2006, and 2007, respectively. Respondent also determined an addition to tax of $1,056 under section 6651(a)(1) for failure to timely file a return for 2005 and accuracy-related penalties of $1,141 and $1,026 for 2005 and 2006, respectively, under section 6662(a). After concessions,[3] the issues for decision are: (1) Whether petitioner substantiated deductions for cash charitable contributions of $8,720, $8,650, and $7,535 for 2005, 2006, and 2007, respectively; (2) whether petitioner substantiated deductions for certain rental property expenses of $6,525 and $12,455 for 2006 and 2007, respectively; (3) whether petitioner is entitled to head of household filing status and a dependency exemption deduction[4] for his minor child for 2006; and (4)

_____

[2]All monetary figures have been rounded to the nearest dollar.

[3]At trial petitioner conceded the following issues: (1) Deductibility of unreimbursed employee business expenses; (2) imposition of the sec. 6651(a)(1) penalty for late filing for 2005; and (3) availability of head of household filing status for 2005. Respondent conceded that petitioner was entitled to deduct student loan interest, with the amount of the deduction dependent on the amount of petitioner's adjusted gross income as finally calculated after the remaining issues are resolved.

[4]On his 2006 return, petitioner did not claim a dependency exemption for his son, but he did compute his tax using head of

(continued...)

whether petitioner is liable for accuracy-related penalties of $1,141 and $1,026 for 2005 and 2006, respectively.

## Background

Some of the facts have been stipulated. The stipulation of facts and facts drawn from stipulated exhibits are incorporated herein by this reference. Petitioner resided in Tennessee when the petition was filed.

Petitioner, who was employed as a deputy administrator by a local county government during all of the years at issue, filed his Federal income tax return for 2005 untimely on March 14, 2007. He computed his tax using head of household filing status on the basis of a qualifying child, his minor son, but did not claim a dependency exemption deduction for the child. He also claimed itemized deductions on Schedule A, Itemized Deductions, for cash and noncash charitable contributions of $8,720 and $500, respectively, and for unreimbursed employee expenses of $14,895, among others. The unreimbursed employee expenses deduction comprised the following items--business travel expenses of $9,889, suit expenses of $1,780, cellular phone expenses of $299, cellular phone service expenses of $1,725, shoe expenses of $901, and shirt expenses of $301.

---

[4](...continued)
household filing status. As discussed later in this opinion, if petitioner is entitled to head of household status for 2006, he may also claim a dependency exemption deduction for his son. Respondent's counsel has conceded this issue.

Petitioner also filed timely Federal income tax returns for 2006 and 2007. Both of the returns were prepared using head of household filing status on the basis of a qualifying child, but petitioner did not claim a dependency exemption deduction for any qualifying child for 2006. Each return claimed a loss from Schedule E, Supplemental Income and Loss, a student loan interest deduction as an adjustment to adjusted gross income, and Schedule A itemized deductions for charitable contributions and unreimbursed employee business expenses. Included in the Schedule E expenses that gave rise to the Schedule E losses claimed on the 2006 and 2007 returns were the following: 2006-- repairs of $6,525; 2007--repairs of $5,565, exterior painting of $2,265, interior painting of $1,625, and roofing expenses of $5,265. Petitioner attributed the expenses to a rental property at 7770 Miller Glen Way, Memphis, Tennessee.

Petitioner's 2005-07 returns were prepared by an unnamed return preparer who was recommended to petitioner. The record does not establish the identity of the preparer, nor does it establish whether the preparer was paid. The preparer did not sign any of the returns.

Following an examination, respondent mailed petitioner a notice of deficiency dated March 16, 2009, for 2005-07. Respondent determined that petitioner owed income tax deficiencies of $5,703, $5,128, and $3,780 for 2005, 2006, and

2007, respectively, a section 6651(a)(1) addition to tax for 2005, and accuracy-related penalties under section 6662(a) for 2005 and 2006. Respondent disallowed all of petitioner's cash contributions and unreimbursed employee business expenses for each year, disallowed Schedule E repairs expense of $6,525 for 2006, disallowed part of the student loan interest deduction (presumably as a computational adjustment) for 2007, disallowed Schedule E repairs, painting, and roof expenses of $12,455 for 2007, allowed petitioner one standard deduction for each of the years 2005 and 2006 in lieu of itemized deductions, and allowed petitioner a child care credit and a child tax credit for 2007. Respondent calculated the 2005 and 2006 deficiencies using a single taxpayer filing status and calculated the 2007 deficiency using head of household filing status. Additionally, respondent determined penalties under section 6662(a) of $1,141 and $1,026 for 2005 and 2006, respectively, alleging as grounds therefor either that petitioner was negligent or, alternatively, that petitioner substantially understated his income tax liabilities or made valuation misstatements for those years.

Petitioner timely filed a petition with this Court contesting respondent's determinations. During the trial petitioner conceded that his employer had a reimbursement plan and that he was not entitled to the deductions for unreimbursed employee business expenses. Petitioner also conceded that he was

not entitled to head of household status for 2005, but he persisted in his claim to that filing status for 2006. Petitioner agreed that his 2005 return was filed late, and he conceded the section 6651(a)(1) addition to tax for that year. On the basis of these concessions, the only determinations that petitioner still disputes are the disallowances of his cash charitable contribution deductions for all years; the disallowances of his Schedule E repairs, painting, and roof expenses deductions for 2006 and 2007; whether he qualifies for head of household filing status and a dependency exemption deduction with respect to his minor son for 2006; and the section 6662 penalties for 2005 and 2006.[5]

Following the trial we held the record open for 30 days to allow petitioner to submit documentation that he claimed he had (checks paying some of the charitable contributions) or could get (substantiation of the disallowed Schedule E expenses from his contractor) to this Court and to respondent. He did not do so. Consequently, we decide the remaining issues on the basis of the trial record. The trial record reveals the following, which we find as facts.

---

[5]Respondent describes the disallowance of part of petitioner's student loan deduction in 2006 as computational, so we do not need to address it.

Cash Charitable Contributions

Petitioner deducted charitable contributions that he allegedly made by cash and by check during each of the years at issue to First Baptist Church, the church he attends, and to Lemoyne Owen College, his alma mater. However, petitioner did not substantiate any of his claimed cash contributions at trial, nor did he submit any documentation to substantiate the contributions after trial in accordance with this Court's order. At trial petitioner admitted that his cash contributions were overstated on his 2005-07 returns.

Schedule E Expenses for Repairs, Painting, and Roof Work for 2006 and 2007

Petitioner owned residential rental property at 7770 Miller Glen Way, Memphis, Tennessee, during 2006 and 2007. On his 2006 and 2007 returns petitioner deducted expenses that he allegedly incurred for repairs, painting, and roof work. However, he did not substantiate the expenses at trial.[6] Although we held the record open for 30 days after trial to allow petitioner to produce the documentation, he did not submit any additional documents to the Court or to respondent by the deadline.

---

[6]Petitioner testified that although he did not bring any documents such as canceled checks, invoices, contracts, etc., he used the same contractor to do all of the repairs and maintenance on his rental properties and he should be able to produce documentation to substantiate the expenses if given an opportunity after trial.

Head of Household Filing Status; Dependency Exemption Deduction--
2006

Petitioner was married previously, but the marriage ended in divorce.  The marriage produced a son, who was 9 years old (minor child) in 2006.

Although petitioner divorced sometime before 2005, petitioner and his ex-wife did not separate until 2005 when petitioner's ex-wife moved to Mississippi.  At that time petitioner and his ex-wife agreed that their minor child could choose the parent with whom he wished to reside, and the child chose to live with petitioner.[7]  Since sometime in 2005, petitioner has had physical custody of the minor child, and the minor child resided with him for more than half of 2006, as respondent conceded at trial.

Petitioner and his ex-wife did not enter into any agreement as to which parent could claim the dependency exemption deduction for the minor child for 2006.  Neither petitioner nor his ex-wife claimed a dependency exemption deduction for the minor child on his or her return for 2006.

---

[7]Petitioner testified that a divorce decree was entered that addressed custody.  However, neither party introduced the decree into evidence, and we cannot determine from credible evidence in the record whether joint or shared custody was ordered or whether the decree was modified to reflect the agreement of the parties described herein.  In the absence of the decree, we shall decide this issue on the basis of evidence regarding the minor child's place of abode during 2006.  See sec. 152(c)(1)(B).

With one exception, petitioner paid all of the minor child's expenses during 2006, including the cost of his housing, groceries, utilities, and related expenses. Petitioner and his ex-wife split the cost of the minor child's parochial school tuition. Petitioner paid more than half of the cost of maintaining a household for the minor child during 2006. See sec. 152(e); sec. 1.152-4(c), Income Tax Regs.

Accuracy-Related Penalties for 2005 and 2006

Petitioner's returns were prepared by a return preparer who was recommended by a friend. However, none of the returns was signed by a preparer.[8] Petitioner admitted at trial that his cash charitable contributions were overstated and that he was not entitled to the deductions for unreimbursed employee expenses.

Petitioner did not prove that he was not negligent, that he reasonably relied on a competent tax professional for the preparation of the returns, or that he had reasonable cause for the positions taken on his 2005 and 2006 returns.

Discussion

I. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing the determinations are erroneous. Rule 142(a);

---

[8]Petitioner testified that the preparer has since closed his office and has been indicted.

Welch v. Helvering, 290 U.S. 111, 115 (1933).  The burden of proof shifts to the Commissioner only if the taxpayer produced credible evidence to support the deduction or position, the taxpayer complied with the substantiation requirements, and the taxpayer cooperated with the Secretary[9] with regard to all reasonable requests for information.  Sec. 7491(a); see also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioner does not contend that section 7491(a)(1) applies, and the record does not permit us to conclude that petitioner satisfied the requirements of section 7491(a)(2).  Accordingly, petitioner bears the burden of proving that he properly deducted the cash charitable contributions and rental property expenses on his returns and that he is entitled to use head of household filing status and to claim a dependency exemption deduction for his minor child on his 2006 return.

II. Schedule A and Schedule E Deductions

A.  In General

Deductions are a matter of legislative grace, and a taxpayer ordinarily must prove that he is entitled to the claimed deduction.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84

---

[9]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A).

(1992).  A taxpayer is required to maintain records to substantiate claimed deductions and to establish his or her correct tax liability.  Higbee v. Commissioner, supra at 440; see also sec. 6001.  The taxpayer must produce those records upon request of the Secretary.  Sec. 7602(a); see also sec. 1.6001-1(e), Income Tax Regs.  Adequate substantiation must establish the amount and purpose of a deduction.  Higbee v. Commissioner, supra at 440; see also Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

In deciding whether a taxpayer has adequately substantiated a claimed deduction, we are not required to accept the taxpayer's "self-serving, unverified, and undocumented testimony."  Shea v. Commissioner, 112 T.C. 183, 189 (1999).  If the taxpayer introduces credible evidence demonstrating that he paid or incurred a deductible expense but does not establish the amount of the expense, we may estimate the amount under certain circumstances.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We cannot estimate the amount, however, unless the taxpayer proves that he or she paid or incurred some deductible expense and provides some basis from which we can develop a reasonable estimate.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

B.  Charitable Contributions

A taxpayer generally may deduct charitable contributions made during the taxable year.  Sec. 170(a).  Charitable contributions include payments to qualifying churches and educational organizations.  Sec. 170(b).  Charitable contributions may be deducted only to "the extent that the aggregate of such contributions does not exceed 50 percent of the taxpayer's contribution base for the taxable year."  Id. Furthermore, a deduction is allowed only if verified under regulations promulgated by the Secretary.  Sec. 170(a)(1).

A taxpayer who deducts charitable contributions must maintain adequate documentation to substantiate them.  Sec. 1.170A-13(a)(1), Income Tax Regs.  Adequate documentation includes a canceled check, a receipt from the donee organization, or a reliable written record that reflects the name of the charitable organization, the date of the contribution, and the amount of the contribution.  Id.; see also Higbee v. Commissioner, supra at 443.  For a contribution exceeding $250, the taxpayer must substantiate the contribution "by a contemporaneous written acknowledgment of the contribution by the donee organization".  Sec. 170(f)(8)(A).  The Commissioner can deny the deduction if the taxpayer fails to substantiate the charitable contributions by providing such records.  Cf. secs. 1.170A-13(a)(1), 1.6001-1(a), Income Tax Regs.

Petitioner did not substantiate his cash charitable contributions for 2005-07. We sustain respondent's determination.

C. Schedule E Expenses for 2006 and 2007

A taxpayer generally may deduct ordinary and necessary expenses paid during the year "for the management, conservation, or maintenance of property held for the production of income". Sec. 212. Expenses related to residential rental property may be deducted under section 212. Sec. 1.212-1(g), Income Tax Regs. However, a taxpayer who claims deductions under section 212 must substantiate them. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. A taxpayer who fails to substantiate deductions claimed under section 212 is not entitled to the deductions. Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).

Petitioner did not introduce any documentation or other credible evidence to substantiate his Schedule E expenses for repairs, painting, and roof work, although we gave him time after the trial to do so. Petitioner failed to substantiate his claimed deductions or to provide any reasonable basis for estimating them. We sustain respondent's determination.

D. Dependency Exemption Deduction

Section 151(c) permits a taxpayer to claim as a deduction an exemption for each dependent as that term is defined under

section 152.  Section 152(a) provides that a dependent must be either a qualifying child or a qualifying relative.

Section 152(c)(1) defines a qualifying child as a child who bears a specified relationship[10] to the taxpayer, who lived with the taxpayer for more than one-half of the tax year at issue, and who did not provide more than one-half of his or her support during the tax year.  A qualifying child must be less than 19 years old, a student who is less than 24 years old, or permanently and totally disabled.  Sec. 152(c)(3).

There is no dispute between the parties about whether petitioner's minor child satisfies the age and relationship requirements of section 152.  In addition, respondent concedes that petitioner's child resided with petitioner for more than half of 2006.  Respondent contends, however, that petitioner has not satisfied other requirements of section 152 or shown that he is entitled to claim the dependency exemption deduction with respect to his child for 2006.

Section 152(e) sets forth a special rule for divorced parents that permits the noncustodial parent to claim a dependency exemption deduction for a qualifying child under certain circumstances.  Section 152(e)(1) provides that notwithstanding section 152(c)(1)(B), if a child receives over

---

[10]As relevant here, a child satisfies the sec. 152(c)(2)(A), relationship requirement if the child is a child of the taxpayer.

one-half of his support during the calendar year from his parents who are divorced, legally separated, separated under a written separation agreement, or live apart at all times during the last 6 months of the relevant calendar year, and the child is in the custody of one or both of his parents for more than one-half of that year, the child will be treated as being the qualifying child of the noncustodial parent if the requirements of either section 152(e)(2) or (3) are met. Section 152(e)(2) permits the noncustodial parent to claim the dependency exemption deduction with respect to his or her child if the custodial parent signs a written declaration that he or she will not claim the child as a dependent for that year and the noncustodial parent attaches the written declaration to his or her return for the taxable year.

Section 152(e)(4)(B) defines "noncustodial parent" to mean the parent who is not the custodial parent. Section 152(e)(4)(A) defines "custodial parent" to mean the parent having custody for the greater portion of the calendar year. Whether petitioner is entitled to the dependency exemption deduction with respect to his son for 2006 depends on whether he was the custodial or noncustodial parent during that year. If he was the noncustodial parent, petitioner does not qualify for the dependency exemption deduction because he did not attach the written declaration signed by his ex-wife releasing the 2006 dependency exemption for their son to petitioner as required by section 152(e)(2). See

<u>Miller v. Commissioner</u>, 114 T.C. 184, 190-191 (2000), affd. on another ground sub nom. <u>Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir. 2002).  If he is the custodial parent, petitioner is entitled to the dependency exemption deduction if he otherwise satisfies the requirements of section 152.

The minor child had the same principal place of abode as petitioner for more than one-half of 2006; in fact, the minor child resided with petitioner throughout 2006.  We are satisfied on this limited record that petitioner was the custodial parent during 2006 and is entitled to a dependency exemption deduction with respect to the minor child for 2006.

E.  <u>Head of Household Filing Status</u>

Under section 2(b), a taxpayer qualifies for head of household status if the taxpayer is both unmarried and not a surviving spouse.  In addition, the taxpayer must maintain as his home "a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of a qualifying child".  Sec. 2(b)(1)(A).  A qualifying child is defined in section 152(c) and is determined without regard to section 152(e).  Sec. 2(b)(1)(A)(i).

Petitioner's minor child met the definition of qualifying child for 2006.  During 2006 petitioner was not married, nor was he a surviving spouse.  Furthermore, as respondent conceded, petitioner and his minor child lived together for more than half

of 2006 in a household maintained by petitioner.  Therefore, we hold that petitioner is entitled to head of household filing status for 2006.

III. Accuracy-Related Penalty Under Section 6662

Section 6662 authorizes the Commissioner to impose a penalty on an underpayment of tax that is attributable to one or more of the following:  (1) Negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, (3) any substantial valuation misstatement, (4) any substantial overstatement of pension liabilities, and (5) any substantial estate or gift tax valuation understatement.  Sec. 6662(a) and (b).  Only one section 6662 accuracy-related penalty may be imposed with respect to any given portion of an underpayment, even if that portion is attributable to more than one of the types of conduct listed in section 6662(b).  New Phoenix Sunrise Corp. v. Commissioner, 132 T.C. 161, 187 (2009), affd. 408 Fed. Appx. 908 (6th Cir. 2010); sec. 1.6662-2(c), Income Tax Regs.

The Commissioner bears the initial burden of production with respect to the taxpayer's liability for the section 6662 penalty; i.e., the Commissioner must first introduce sufficient evidence to establish that a section 6662 penalty is appropriate.  Sec. 7491(c); see Kikalos v. Commissioner, 434 F.3d 977, 986 (7th Cir. 2006), affg. T.C. Memo. 2004-82.  If the Commissioner satisfies his initial burden of production, the burden of producing

evidence to refute the Commissioner's evidence shifts to the taxpayer and the taxpayer must prove that the section 6662 penalty does not apply. See Higbee v. Commissioner, 116 T.C. at 447.

Respondent contends that petitioner is liable for the accuracy-related penalties for 2005 and 2006 because the underpayments of tax are attributable to one or more of the following: (1) Negligence or disregard of rules or regulations; (2) substantial understatement of income tax; or (3) substantial valuation misstatement (overstatement). However, respondent does not contend that any valuation misstatement made by petitioner is a gross valuation misstatement within the meaning of section 6662(h).

We turn first to respondent's contention that the section 6662 penalties should be imposed because the underpayments for 2005 and 2006 were attributable to petitioner's negligence. See sec. 6662(a) and (b)(1). For purposes of section 6662, negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard includes any careless, reckless, or intentional disregard. Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985) (negligence is lack of due care or failure to do what a reasonably prudent person would do under the circumstances); sec. 1.6662-3, Income Tax Regs. Negligence also includes any failure

to exercise ordinary and reasonable care in the preparation of a tax return, or any failure to keep adequate books and records and to properly substantiate items. Sec. 1.6662-3(b)(1), Income Tax Regs. Negligence is strongly indicated where, inter alia, "A taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances." Sec. 1.6662-3(b)(1)(ii), Income Tax Regs. A return position that has a reasonable basis is not attributable to negligence. Sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioner admitted at trial that his deductions were overstated and that he did not adequately review his returns for 2005 and 2006 before filing them. In addition, petitioner could not and did not substantiate the Schedule A or Schedule E deductions that respondent disallowed. Petitioner failed to comply with the internal revenue laws or to exercise ordinary and reasonable care in preparing his 2005 and 2006 tax returns. Petitioner's failure was negligent, and we so hold. Because we conclude that petitioner was negligent, we need not address respondent's alternative grounds for imposing the section 6662 penalties.

A taxpayer may avoid imposition of the section 6662 penalty if the taxpayer demonstrates that he had a reasonable basis for the underpayment and that he acted in good faith with respect to

the underpayment.  Sec. 6664(c)(1); sec. 1.6662-3(b)(1), Income Tax Regs.

Although petitioner testified that his 2005 and 2006 returns were prepared by a return preparer, the return preparer did not testify at trial, nor did petitioner identify him at trial. Petitioner did not prove that his preparer was a competent professional with sufficient expertise to justify reliance, that he provided to the preparer necessary and accurate information, and that he relied in good faith upon the preparer's judgment. See <u>Neonatology Associates, P.A. v. Commissioner</u>, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs.  In addition, petitioner did not prove that he had reasonable cause for the underpayments or that he acted in good faith with respect to the underpayments.  Consequently, we conclude that to the extent there are underpayments for 2005 and 2006, petitioner is liable for the section 6662 penalties for those years.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.